Submitted June 25, affirmed August 12, petition for review denied
November 30, 2015 (358 Or 374)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW RONALD LEAHEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
130431541; A155221

358 P3d 320

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy
Public Defender, Office of Public Defense Services, filed the
brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce,
Solicitor General, and Shannon T. Reel, Assistant Attorney
General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge,
and Flynn, Judge.

LAGESEN, J.

**LAGESEN, J.**

Pursuant to a conditional guilty plea, defendant was convicted of theft in the first degree, ORS 164.055, and unlawful possession of methamphetamine, ORS 475.894. On appeal, he assigns error to the trial court's denial of his motion to suppress evidence of the stolen desktop computer on which the theft charge was predicated and the methamphetamine on which the possession charge was predicated. Reviewing for legal error, *State v. Clemons*, 267 Or App 695, 341 P3d 810 (2014),[1] we affirm.

Defendant was a passenger in a car that was stopped for a traffic violation by Officers Fender and Ginnow. Fender told defendant and the other passenger that they "were free to go if they wanted to," but defendant opted not to leave. Fender continued talking to defendant and the other passenger "not particularly about anything direct, just kind of about what was *** happening, what they were doin[g]." Eventually, Fender asked defendant and the other passenger for their names, which they gave. The other passenger also told Fender that she might have an outstanding warrant.

Ginnow then went to the officers' patrol car to continue processing the traffic violation and to run a records check; while Ginnow was at the patrol car, Fender requested that the driver consent to a search of the car. The driver consented. Ginnow then returned to the car and informed Fender that the other passenger did, in fact, have an outstanding warrant, and the officers took her into custody. At that point, Fender requested that the driver and defendant get out of the car so that the officers could conduct the search authorized by the driver's consent. Defendant did so. When defendant got out of the car, Fender explained to him that he was not in any trouble and that the officers were searching the car because the driver consented. Fender noted that defendant did not seem like he was going to leave the scene while the officers conducted the search, and he wanted to make sure that defendant did not have any weapons, so Fender asked defendant if he had any weapons and if

---

[1] Defendant does not argue that there is insufficient evidence to support the trial court's implicit and explicit findings of historical fact.

defendant would agree to a patdown. Defendant consented, and Fender found methamphetamine on him.

In their subsequent search of the car, Fender and Ginnow found a duffel bag. Defendant told the officers that the bag belonged to him. They requested consent to search the bag, which defendant gave. In the bag, the officers discovered a desktop computer belonging to Lewis & Clark College. Defendant's possession of the methamphetamine and the computer led to the charges against him.

Defendant moved to suppress the evidence of the methamphetamine and the computer. Defendant asserted that Fender had unlawfully stopped defendant by asking defendant to get out of the car, and the unlawful stop required the suppression of the methamphetamine and the computer, notwithstanding defendant's consent to the searches that led to their discovery. Although defendant cited the Fourth Amendment in his written motion to suppress, he relied exclusively on Oregon case law in his supporting memorandum and oral arguments to the trial court, and did not, orally or in writing, indicate to the trial court that his claim that the two searches violated the Fourth Amendment required a different legal analysis from the analysis applicable to his claim that the two searches violated Article I, section 9, of the Oregon Constitution.

The trial court denied the motion, concluding that the officers did not unlawfully stop defendant by asking that he get out of the car while they searched it and that defendant voluntarily consented to the searches. Defendant thereafter entered a conditional guilty plea to the charges against him, reserving the right to pursue this appeal of the trial court's denial of the motion to suppress.

On appeal, defendant assigns error to the trial court's denial of the motion to suppress, although his theory of suppression has shifted. Now defendant asserts that, as a passenger in a car that was stopped for a traffic violation, he, too, was seized—albeit lawfully—at the time of the traffic stop. He contends further that the officers unlawfully extended that stop by asking him about matters unrelated to the traffic stop: whether he had weapons, and whether he would consent to a patdown. With respect to Article I,

section 9, defendant acknowledges that his argument "likely fails" under our decisions in *Clemons*, 267 Or App 695, and *State v. Ross*, 256 Or App 746, 304 P3d 759 (2013). Defendant argues that the Fourth Amendment requires a different analysis and a different result, pointing to our recognition in *Clemons* that the Supreme Court has held that passengers in a stopped vehicle are seized for purposes of the Fourth Amendment. *Clemons*, 267 Or App at 699-700 (quoting *State v. Bailey*, 356 Or 486, 507, 338 P3d 702 (2014) (quoting *Arizona v. Johnson*, 555 US 323, 129 S Ct 78, 172 L Ed 2d 694 (2009); *Brendlin v. California*, 551 US 249, 127 S Ct 2400, 168 L Ed 2d 132 (2007))).

We conclude that the trial court correctly denied defendant's motion to suppress. As to Article I, section 9, defendant is correct that *Clemons* and *Ross* foreclose the conclusion that defendant, as a passenger, was seized for purposes of that provision as a result of the officers' stop of the driver. In those cases, we held that passengers in a stopped vehicle are not seized for purposes of Article I, section 9, merely by virtue of their status as passengers. *Clemons*, 267 Or App at 698-99 (quoting *Ross*, 256 Or App at 754). Accordingly, because defendant was not seized by virtue of the stop, Fender's request that defendant get out of the car did not operate to unlawfully extend a prior seizure for purposes of Article I, section 9.

Regarding the federal constitution, we reject as unpreserved defendant's contention that the trial court was required to grant the motion to suppress under the Fourth Amendment. ORAP 5.45(1). Defendant's arguments to the trial court essentially invited that court to apply the Article I, section 9, framework to his claim for suppression under the Fourth Amendment, and did not alert the court that it should apply a different analysis. As a result, the trial court did not make the factual findings pertinent to the resolution of his Fourth Amendment claim under the correct framework that defendant has identified on appeal. That renders defendant's appellate claim unreviewable.

Affirmed.